## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MANUEL LEE JONES**                                                          **PLAINTIFF**

**v.**                          **Case No. 4:19-cv-00938-KGB**

**NORTH LITTLE ROCK SCHOOL DISTRICT**                          **DEFENDANT**

## MEMORANDUM BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Memorandum Brief is submitted in support of the Motion for Summary Judgment ("Motion") filed by Defendant, North Little Rock School District ("NLRSD" or "District"), pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the reasons discussed herein, the District is entitled to summary judgment as a matter of law.

### I.       INTRODUCTION AND FACTUAL BACKGROUND

This is an Americans with Disabilities Act ("ADA") discrimination case. 42 U.S.C. § 12101, *et seq*.   On September 25, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming he was terminated by the District because of his disability in violation of the ADA.   *See* EEOC charge, attached to the District's Motion as Exhibit 1.   On September 30, 2019, the EEOC stated that based upon investigation, the EEOC was unable to conclude that the information obtained established violations of the asserted statutes.   *See* Dismissal and Notice of Rights, attached to the District's Motion as Exhibit 2.

On December 27, 2019, Plaintiff filed a complaint in this Court alleging that the District discriminated against him and failed to provide reasonable accommodations in violation of the ADA.   *See* Compl. at ¶ 5, ECF Doc. No. 2.   Jones makes three claims in his Complaint: he was

fired because of his disability with prostate cancer; he was threatened with losing his job for abandonment; and he was not provided with the opportunity for a reasonable accommodation. *Id*.   Jones alleges no facts to support his claims.   *Id*.

The District non-renewed[1] Jones because of his excessive absences from work, absences which were not protected by any state or federal law.   In the present case, Jones held the position of paraprofessional in the alternative learning environment classroom.   *See* Employee Contract 2018, attached to the District's Motion as <u>Exhibit 3</u>.   Jones's position required him to aid in the instruction for children placed at the District's alternative learning environment, which was all onsite and direct instruction.   Jones could not perform his essential job functions if he were not present in the classroom.   Jones missed over 51% of workdays from September 9, 2018 to April 22, 2019, not including the days he was approved for leave under the Family and Medical Leave Act ("FMLA").   *See* Jones's Attendance Record, attached to the District's Motion as <u>Exhibit 4</u>.   Jones missed the entire second semester of his contract year using leave-without-pay ("LWOP") between January and May of 2019.   *Id*.   Jones failed to carry out his assigned duties and as a result the District could not efficiently operate.   *See* Notice of Non-Renewal, attached to District's Motion as <u>Exhibit 5</u>.

Jones began taking leave in September 2018 because of his illness.   *See* Ex. 1; *see also* Jones' Letter to the District, attached to District's Motion as <u>Exhibit 6</u>.   Between September 2018 and May 2019, Jones exhausted every form of leave and supplementary leave available to him. *See* FMLA Matters Letter, attached to District's Motion as <u>Exhibit 7</u>; *see also* Ex. 4.   Jones was given FMLA, short term leave, long term leave, and LWOP.   *See* Ex. 4.   The District allotted

---

[1] "Non-Renewed" is a technical term under the Arkansas Public School Employee Fair Hearing Act, Ark. Code Ann. § 16-17-1701, that allows the employee's contract to expire and not be renewed for a new term, but the District concedes this is adverse job action.

Jones significant leave time, totaling 154 days in the contract year.   *Id*.   In December 2018, Jones was denied additional leave by the District's Sick Leave Bank Committee because he had not contributed enough to the sick leave bank.   *See* Sick Leave Bank Committee Letter and District Policy, attached to District's Motion as Exhibit 8.   Per District policy, Jones was not entitled to leave through the sick leave bank, but it must have been allotted to him by the committee making such determinations based on certain criteria that Jones did not meet.   *Id*.

The sick leave policy requires two forms of medical documentation to support a request for sick leave, which Jones did not provide.   *See id.*; *see also* Deposition of Plaintiff at 34, attached to District's Motion as Exhibit 9.   Through the seven months from Jones's onset of illness through his non-renewal, Jones rarely communicated with the District, never provided the District with medical documentation, and never provided a possible return date.   *Id*. at 35-36 (Jones testifying that he did not provide medical documentation to the District).   The District requested documentation from Jones multiple times, for multiple reasons, and needed documents to determine if any accommodations or other assistance could be provided.   *Id*.   The District could not hold Jones's position open indefinitely, as there were students that needed services.

The District maintains that Jones never made a request for an accommodation, but simply asked for leave as his illness became indefinite.   Jones wanted an indefinite amount of leave. Jones has been unable to work since September 2018 and to this day is unable to work.   *Id*. at 72. Jones has admitted that he cannot perform the essential functions of his job, even with accommodations.   Jones will not be able to make a prima facie showing of discrimination because he was unable to perform the essential functions of his position with the District, and the District had legitimate and nondiscriminatory reasons to terminate Jones.

## II.      SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant summary judgment if the moving party has established its right to a judgment with such clarity as to leave no room for controversy, and the non-moving party is not entitled to recover under any discernable circumstances.   *See LeCroy v. Dean Witter Reynolds, Inc.*, 585 F. Supp. 753 (D.C. Ark. 1984).

Rule 56(c) of the Federal Rules of Civil Procedure provides that:

> the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial.   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts.").   The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with specific facts showing a genuine issue for trial.   *Id*. at 587.   "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party."   *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co*., 49 F.3d 399, 401 (8th Cir. 1995).

## III.      ARGUMENT AND AUTHORITY

### 1.   ADA Legal Standard

The ADA makes it unlawful for a covered employer to discriminate against any "qualified individual on the basis of disability." 42 U.S.C. § 12112(a).   "Discrimination" under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of

an otherwise qualified individual with a disability."   42 U.S.C. § 12112(b)(5)(A).   To succeed

with a failure-to-accommodate claim, a plaintiff "must establish both a prima facie case of

discrimination based on disability and a failure to accommodate it."   *Schaffhauser v. United*

*Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015).   To make out a prima facie case, a plaintiff

must show that [he or] she "'(1) is disabled within the meaning of the ADA; (2) is a qualified

individual under the ADA; and (3) has suffered an adverse employment decision because of the

disability.'"   *Id.* (quoting *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir.

2012)).   After a plaintiff has made a sufficient showing of a prima facie case, the burden shifts to

the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action.   *Allen v.*

*Interior Constr. Servs.*, 214 F.3d 978, 981 (8th Cir. 2000).   Once such a reason is articulated, the

burden of production shifts back to the plaintiff to demonstrate that the proffered

nondiscriminatory reason is a pretext for intentional discrimination.   *Id.*

To meet the statute's definition of "disabled," Jones must show that he has a "physical or

mental impairment that substantially limits one or more major life activities…" 42 U.S.C.

§ 12102(1)(A).   An individual may qualify as "disabled" with proof that he or she suffers from

such an impairment, that she has a record of such an impairment, or that he or she is regarded as

having such an impairment.   42 U.S.C. § 12102(1)(A)-(C).   Under EEOC regulations, an

impairment is a disability under the ADA "if it substantially limits the ability of an individual to

perform a major life activity as compared to most people in the general population." 29 C.F.R.

§ 1630.2(j)(1)(ii).   The regulations advise that the term "substantially limits" must be construed

broadly but that "not every impairment will constitute a disability within the meaning of [the

ADA]."   29 C.F.R. § 1630.2(j)(1)(i)-(ii).   "Major life activities" under the ADA include

functions such as "performing manual tasks, seeing, hearing, eating, sleeping, walking, standing,

sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working[.]" 29 C.F.R. § 1630.2(i).   Cancer is an impairment under federal law, 29 C.F.R. § 1630.2(h)(1), the functioning of one's immune system is a major life activity, 42 U.S.C.S. § 12102(2)(B), and Congress has instructed the courts to determine whether a limitation is substantial in light of its command to interpret disability broadly. *Oehmke v. Medtronic, Inc*., 844 F.3d 748, 750 (8th Cir. 2016).

Assuming a plaintiff has made a prima facie case, he must also establish a failure to accommodate his disability.   *Schaffhauser v. UPS*, 794 F.3d 899, 901 (8th Cir. 2015).   In a reasonable accommodation case, the "discrimination" is framed in terms of the failure to fulfill an affirmative duty, the failure to reasonably accommodate the disabled individual's limitations, as required by the Americans with Disabilities Act.   *EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963, 967 (8th Cir. 2014).   In order to determine whether an accommodation is necessary, and if so, what that accommodation may be, the employer and employee must engage in the "interactive process."   *Id*.   To show that the employer failed to participate in the interactive process, the employee must show: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.   *Id*.   While the interactive process is "informal and flexible," the "predicate requirement" triggering the interactive process is the employee's request for the accommodation.   *Id*.

**2. Jones Cannot Establish a Prima Facie Case Because He Cannot Show that He Was Qualified to Perform the Essential Functions of His Job, With or Without Accommodations, Due to His Excessive Absenteeism.**

Jones cannot produce direct evidence to establish a prima facie case of discrimination, and therefore must demonstrate he is disabled, qualified to perform the job functions, and suffered an adverse employment action. *Schaffhauser*, 794 F.3d at 905. Jones cannot show that he was qualified to perform the essential functions of the job with or without accommodations because of the severity of his disability and his excessive absenteeism. In sum, Jones could not be onsite for work and there were no reasonable accommodations available to him, despite the fact that Jones never requested one.

The determination of whether an individual is qualified for purposes of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*, is a two-step process, and evaluated at the time of the employment decision. The first inquiry is to determine if the individual possesses the requisite skills, education, certification or experience necessary for the job; the second inquiry is to determine whether the individual can, despite her impairments, perform the essential functions of the job either with or without reasonable accommodation. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1045 (8th Cir. 1999). Jones was not qualified for purposes of the ADA because he could not perform the essential functions of his job, with or without an accommodation.

It is well established that consistent and dependable attendance is an essential function of most types of employment. *See Greer v. Emerson Elec. Co*., 185 F.3d 917, 921 (8th Cir. 1999) ("We have recognized that 'regular and reliable attendance is a necessary element of most jobs.'" (quoting *Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 445 (8th Cir. 1998)). The Eighth Circuit has held that excessive absences qualify as a legitimate, nondiscriminatory reason for termination. *See Price v. S-B Power Tool*, 75 F.3d 362, 365-66 (8th Cir. 1996).

The ADA is broad in its scope, but it only protects individuals who can perform their job. *Browning v. Liberty Mut. Ins. Co.*, 178 F.3d 1043, 1048 (8th Cir. 1999).   Employers are not qualified to predict the degree of success of an employee's recovery from an illness or injury and if an employee is not qualified to perform the essential job functions at the time of the employment action, they are not protected under the umbrella of the ADA.   *Id*.

Attached to the Complaint is a letter written by Jones to the District's Board outlining his disagreement with the Board's decision to non-renew his contract.   *See* Ex. 5.   In it, Jones states, "NLRSD did not afford me a reasonable accommodation due to my disability, or maybe it did with my LWOP request, which can be considered a reasonable accommodation under ADA."   *Id*. Eighth Circuit Courts have ruled that indefinite leave without pay is not a reasonable accommodation.   *See Tegley v. Lancaster Cty., No. 4:13CV3104*, 2014 U.S. Dist. LEXIS 91637, at *26-27 (D. Neb. July 7, 2014); *see also Bunch v. Univ. of Ark. Bd. of Trs*., No. 4:11-cv-00869-KGB, 2016 U.S. Dist. LEXIS 194958, at *34-35 (E.D. Ark. Mar. 17, 2016).   In *Tegley*, very similarly to the present case, where the plaintiff missed 51 of 109 workdays, the court found this was strong evidence that no reasonable accommodation was possible. 2014 U.S. Dist. LEXIS 91637, at 26-27.

In *Bunch,* this court found that the plaintiff could not make a prima facie case of discrimination when plaintiff exhausted her paid leave, was not eligible for FMLA, requested leave without pay, was ultimately denied leave without pay and was subsequently terminated.   2016 U.S. Dist. LEXIS 194958, at 34-35.   The court also found that the plaintiff was not meeting her employer's reasonable expectations at the time she was terminated and that terminating her for this reason was a legitimate, nondiscriminatory reason for termination.   *Id*.

In the present case, Jones could not perform his essential job functions if he were not present in the classroom.   Jones missed over 51% of workdays from September 9, 2018 to April 22, 2019, not including the days he was approved for FMLA leave.   *See* Ex. 5; *see also* Ex. 4.   Jones missed the entire second semester of the 2018-2019 school year.   *See* Ex. 4. Despite having no sick or supplementary leave available, Plaintiff requested leave without pay through February 2019 and was granted leave without pay for the remainder of the 2018-2019 school year.   *See* Request for Leave Without Pay, attached to District's Motion as <u>Exhibit 10</u>; *see* Ex. 4.   Jones testified that he did not return to the school's campus after September 2018.   *See* Ex. 9 at 43.   Jones could not attend work—that fact is not in dispute.   *Id.* at 72.   Jones's illness kept him from appearing at work and kept him from being able to perform any of his job functions. *Id.*   Because Jones admittedly could not perform the essential job functions of his position, the ADA does not afford him protection.   *Browning*, 178 F.3d at 1048.   Requesting more or indefinite leave time is not a request for a reasonable accommodation under the ADA.   *See Id.*

Even assuming Jones's request for leave—which was for the entire school year and then a contract for the subsequent year—was a reasonable request, the District can show that it would impose an undue hardship on the operation of business.   *See* 42 U.S.C. § 12112(b)(5)(A).[2] Jones was an ALE paraprofessional and while he was on leave, from September 2018 through June 2019, that position had to be filled by somebody who could be on campus and perform his duties. Jones acknowledged this hardship in his deposition.   *See* Ex. 9 at 54.   Put simply, at some point the District needed to hire a full time employee to fill Jones's position and could not hold Jones's position open while it waited for him to recover.

---

[2] To "discriminate against a qualified individual on the basis of disability" includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

Furthermore, the onerous was on Jones to start the interactive process with the District to determine a reasonable accommodation.   The interactive process was never triggered.   The Eighth Circuit is clear that the interactive process is not triggered until the plaintiff requests an accommodation.   *See Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1021 (8th Cir. 2000); *see also Burke v. S. Iowa Methodist Med. Ctr.*, 28 F. App'x 604, 608 (8th Cir. 2002).   In *Burke*, when a plaintiff claimed her employer should have known that she could work part time, the court rejected this argument: "without additional input from [plaintiff], [employer] could reasonably conclude the condition continued to disable her from any employment with or without an accommodation."   *Burke*, 28 F. App'x at 608.   An employer is not required to guess what accommodations an employee may or may not need.   *Id*.   The Eighth Circuit ruled in *Burke* that an employer is not saddled with "an affirmative obligation to initiate the interactive process…" *Id*.   In the present case, Jones never made a request for a reasonable accommodation.   *See* Ex. 9 at 47.

### 3.  The District Had Legitimate, Non-Discriminatory Reasons for the Adverse Employment Action.

Assuming *arguendo* that Jones can establish a prima facie case of discrimination or retaliation under the ADA, a rebuttable presumption of discrimination arises. The burden then shifts to the defendant, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action.   *Rose-Maston v. NME Hosps.*, 133 F.3d 1104, 1106 (8th Cir. 1998).   If the District can produce a legitimate non-discriminatory reason, the prima facie case disappears.   *Id*. "The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the evidence."   *Floyd v. State of Mo. Dep't of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir. 1999).   The burden to articulate a non-discriminatory reason is one of production and not persuasion; it can involve no credibility

assessment. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935 (8th Cir. 2006). The Eighth Circuit has held that excessive absences qualify as a legitimate, nondiscriminatory reason for termination. *See Price v. S-B Power Tool*, 75 F.3d 362, 365-66 (8th Cir. 1996).

The District's nondiscriminatory reason for nonrenewing Jones is the same reason he cannot make a prima facie case—Jones could not perform the essential functions of the job. Jones could not perform the essential functions of the job because, as a paraprofessional teacher, he did not attend work for almost an entire school year. *See* Ex. 4. Jones missed over 51% of workdays from September 9, 2018 to April 22, 2018, not including the days he was approved for FMLA leave. *See* Ex. 5. The District had to fill Jones's position and there was no accommodation that could be used to allow him to perform his job because Jones has been severely disabled since January 2019. *See* Ex. 9 at 72 (stating he has been bedridden since January 2019). While Jones's medical condition poses a difficult circumstance, the District is not required to hold positions for everyone who cannot physically come to work for long periods of time. *Browning*, 178 F.3d at 1048. The Eighth Circuit ruled that the ADA is simply not the recourse for an employee who cannot perform the essential functions of a job. *Id*. The District had a very simple, legitimate, nondiscriminatory reason to non-renew Jones. He did not and could not attend work. *See* Ex. 9 at 72. As stated above, the Eighth Circuit has held that excessive absences qualify as a legitimate, nondiscriminatory reason for termination. *See Price v. S-B Power Tool*, 75 F.3d 362, 365-66 (8th Cir. 1996).

Jones has failed to present any evidence to support a claim that the District discriminated against him based on his disability. Jones provided testimony that the District nonrenewed him because of his absences but believed it was discriminatory because he was dealing with a disability. *See* Ex. 9 at 71. Jones admitted in his letter to the District that maybe he did potentially receive

11

a reasonable accommodation when the District granted LWOP as requested, "North Little Rock School District did not afford me a reasonable accommodation due to my disability, or maybe it did with my LWOP request."   When questioned about this statement, Jones stated, "Exactly. Maybe they did, maybe they didn't."   *See* Ex. 9 at 72.   Jones has failed to highlight one comment, remark or action that would lead a fact finder to believe the District discriminated against him based on his disability.   Further, Jones does not qualify for protection under the ADA for the same reason the District nonrenewed his contract, he could not perform the functions of his job.   Jones cannot make prima facie showing for ADA Discrimination.

**4.  Plaintiff Cannot Show that the District's Proffered Reason Is Merely a Pretext for Intentional Discrimination.**

As the District has met the burden of articulating a nondiscriminatory basis, the burden shifts back to Jones to show that the District's proffered reason is merely a pretext for intentional discrimination.   *Lindeman,* 899 F.3d 604.   Jones must provide a genuine issue of material fact showing that these reasons were merely a pretext for discrimination.   *See Barber v. Cl Truck Driver Training,* LLC, 656 F.3d 782, 792 (8th Cir. 2011).   Jones is unable to meet his last burden, as he has not presented any evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that disability discrimination was the real reason. *Id*.

"To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason."   *Wilking v. Cnty. of Ramsey*, 153 F.3d 869, 874 (8th Cir. 1998) (quoting *Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1072 (8th Cir. 1998)).   "This burden will not be met by simply showing that the reason advanced by the employer was false; rather, [the plaintiff] must demonstrate that a discriminatory animus lies behind the defendants'

neutral explanations." *Wilking*, 153 F.3d at 874 (quoting *Roxas v. Presentation College*, 90 F.3d 310, 316 (8th Cir. 1996)).   "Specifically, the plaintiff must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination." *Id.* at 874 (quoting *Matthews v. Trilogy Communications, Inc*., 143 F.3d 1160, 1165 (8th Cir. 1998)).   "[M]ore substantial evidence of discrimination is required to prove pretext, because evidence of pretext is viewed in the light of [the employer's] legitimate, nondiscriminatory explanation." *Jones v. United Parcel Service, Inc*., 461 F.3d 982, 992 (8th Cir. 2006).

Jones could have established that the District's decision not to renew his contract was pretextual in multiple ways.   First, Jones could have relied on a strong prima facie case, as this can establish evidence of pretext.   *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 834 (8th Cir. 2002).   However, a plaintiff's burden to prove pretext is more substantial than the burden of proving a prima facie case.   *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 881 (8th Cir. 2005) (quoting *Smith*, 302 F.3d at 834).   Jones's case is far too weak to allow a fact finder to infer pretext, as Jones has not presented any facts to support his claims for discrimination and retaliation.   Even assuming Jones been able to make a prima facie showing on his claims, the District has articulated legitimate non-discriminatory reasons for its conduct.

Jones also could have shown pretext by showing that the District's proffered reasons for its decision had "no basis in fact." *Smith*, 302 F.3d at 834.   The District has put forth undisputed evidence that Jones was absent for almost an entire school year and could not perform the essential functions of his job.   It does not matter whether these concerns were 100-percent factually accurate, as "the burden will not be met by simply showing that the reason advanced by the employer was false." *Wilking,* 153 F.3d at 874 (quoting *Roxas v. Presentation College*, 90 F.3d

310, 316 (8th Cir. 1996)).   The District's business was disrupted by Jones's inability to perform

his job as the District was forced to find a temporary employee to fill the Plaintiff's spot.   This

is a legitimate nondiscriminatory reason supporting the District's decision to nonrenew.

In his Complaint, Jones claims that the District "fired" him "because of [his] disability

with prostate cancer."   *See* Complaint at ¶ 5.   Jones offers no supporting facts in his Complaint.

Jones says he was "threatened with losing [his] job for job abandonment."   *Id*.   When asked

about threats made by the District, Jones could only point to a text from Jones's Principal who

asked Jones about coming to work on a particular day.   *See* Ex. 9 at 28.   Jones testified, "Well,

that was threatening to me, because he had no information to say that I was coming in or wouldn't

be. That's my logic. I may be wrong about it."   *Id.*   This is not evidence of disability

discrimination.   In Jones's deposition, Jones was asked, "You agree that the District nonrenewed

you because of your excessive absences, but you believe that that was discriminatory because of

your disability?"; Jones responded, "Yes."   *See* Ex. 9 at 71.   Jones has alleged no facts that

would allow a fact finder to determine that he was discriminated against because of his disability.

Beyond mere speculation, Jones has not offered any evidence to support a claim of pretext.

Pretext requires a demonstration that the District's reasons were false, and that intentional

discriminatory motive was the real reason.   Jones has failed to produce any evidence tying the

District's decision for nonrenewal to a discriminatory motive, and therefore Jones's claim must

fail, and the District is entitled to summary judgment.

## IV.   <u>CONCLUSION</u>

Based upon the foregoing argument and authority, the District respectfully submits that its

Motion for Summary Judgment should be granted, and that Plaintiff's Complaint should be

dismissed with prejudice.

Respectfully submitted,

Bequette, Billingsley & Kees, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
Email: tstewart@bbpalaw.com

By:_____**Teddy Stewart**_____
      Jay Bequette, #87012
      W. Cody Kees, #2012118
      Teddy Stewart, #2018189

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing.    I also hereby certify that on June 24, 2021, I mailed the document and a copy of the Notice of Electronic Filing (NEF) by United States Postal Service to the following:

Manuel Lee Jones
9400 Stagecoach Road, Apt. 613
Little Rock, AR 72210

_____**Teddy Stewart**_____